UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER, #141306,

        Plaintiff,

v.

        CASE NO. 24-12282
        HON. MARK A. GOLDSMITH

J. SCHLEY et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (Dkt. 2) AND DISMISSING WITHOUT PREJUDICE HIS CIVIL RIGHTS COMPLAINT (Dkt. 1)**

Michigan prisoner Jerry Vandiver (Plaintiff) has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), as well as an application to proceed without prepayment of the filing fee (Dkt. 2). At the time he filed the complaint, Plaintiff was confined at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan, but he has recently been transferred to the Gus Harrison Correctional Facility (ARF) in Adrian, Michigan (Dkt. 5). In his complaint, Plaintiff raises claims concerning the denial of a prison work assignment and retaliation; his inability to purchase over-the-counter medical items, such as lotion, due to the lack of a prison job and funds; and the failure to process/answer his related grievances. Compl. at PageID.7–9. He names ARF employees J. Schley and T. Cobb as the Defendants in this action and sues them in their individual capacities. Id. at PageID.2–3, 6. He seeks a referral to the pro se prisoner mediation program. Id. at PageID.9, 13.

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires a federal court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. Id.; see also Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court and acknowledges that he is a "three-striker" who cannot proceed without prepayment of the filing fee unless he shows that he is "under imminent danger of serious physical injury." Compl. at PageID.6–7; see also Vandiver v. Mich. Dep't of Corr., 2021 WL 3089372 (E.D. Mich. July 22, 2021) (denying Plaintiff's application to proceed in forma pauperis under the three-strikes rule). Plaintiff asserts that he is under imminent danger due to his chronic medical conditions, including diabetes, hepatitis C, and heart disease, as well as a diagnosis of prostate cancer. Compl. at PageID.7. He also alleges that he is under imminent danger because prison officials are generally not providing him with adequate medical care for his health problems. Id.

2

To fall within the exception to the three strikes rule, "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." See Rittner v. Kinder, 290 F. App'x 796, 797–798 (6th Cir. 2008) (citing Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception, id., as is a general assertion of the potential for future harm. See Vandiver v. Vasbinder, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Additionally, as the United States Court of Appeals for the Sixth Circuit has clarified, the type of physical injury alleged by the plaintiff must "have potentially dangerous consequences such as death or severe bodily harm" to qualify as "serious" under § 1915(g). Gresham v. Meden, 938 F.3d 847, 850 (6th Cir. 2019).

The Sixth Circuit has not decided whether there is a requirement for a plaintiff to assert a nexus between the subject matter of the complaint and the alleged imminent danger. See Vandiver, 727 F.3d at 588 (declining to decide whether § 1915(g) incorporates a nexus requirement). The weight of authority, however, does recognize such a requirement. See Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009) (holding that there must be some nexus between the alleged imminent danger and the legal claims in the complaint); Andrews v. Cervantes, 493 F.3d 1047, 1053–1054 (9th Cir. 2007); Ciarpaglini, 352 F.3d at 330; Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999); Ball v. Hummel, 577 F. App'x 96, 96 n.1 (3d Cir. 2014) (citing Pettus); Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010); Tippins v. Holden, No. 1:20-cv-598, 2020 WL 4344984, *4–*5 (W.D. Mich. July 29, 2020) (discussing cases and statutory language and ruling that imminent danger must be related to the subject of the complaint so as to not subvert the

3

PLRA). This Court agrees with those circuit courts—some nexus between the imminent danger and the claims raised is required in order to protect the meaning of the entire three strikes provision. See LaPine v. Waino, No. 17-1636, 2018 WL 6264565, *2 (6th Cir. Oct. 11, 2018) (noting "the lack of any controlling authority [in this Circuit] rejecting the nexus requirement" and finding no abuse of discretion where the district court denied in forma pauperis status because the legal claims were not tied to the danger); Burnett v. Washington, No. 2:24-CV-180, 2024 WL 4763001, *5–*6 (W.D. Mich. Nov. 13, 2024) (discussing issue, adopting nexus requirement, and denying plaintiff leave to proceed in forma pauperis).

In this case, Plaintiff fails to allege facts which show that he is under imminent danger of serious physical injury. While he may suffer from prostate cancer and chronic medical conditions, such as diabetes and heart disease, as the Sixth Circuit previously recognized in Vandiver v. Prison Health Svs., 727 F.3d 580 (6th Cir. 2013), he fails to show that he is under imminent danger of serious physical injury due to the Defendants' alleged conduct of not giving him a prison work assignment, retaliating against him, not providing him with over-the-counter items such as lotion (or providing him with work/funds to buy them), and refusing to process/answer his related grievances. To be sure, Plaintiff does not indicate that he has suffered any serious physical injury due to such conduct. Compl. at PageID.13. His allegation of "physical pain and mental anguish" involves past conduct and injury which do not establish that he is currently under imminent danger of serious physical injury. See Rittner, 290 F. App'x at 797–798. Plaintiff's allegations fail to show that he was under imminent danger at the time he filed this complaint. See, e.g., Vandiver, 2021 WL 3089372, at *2 (E.D. Mich. July 22, 2021) (finding that Plaintiff was not under imminent danger due to not being provided soft foods for his

4

diabetic diet and denying application to proceed in forma pauperis). Moreover, given that Plaintiff has been transferred to ARF and is no longer incarcerated at JCF, where the Defendants are employed, he cannot show that he is currently under imminent danger of serious physical injury due to the Defendants' conduct. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Raleem-X v. Borgerding, No. 16-cv-12234, 2016 WL 4800877, at *2 (E.D. Mich. Sept. 14, 2016).

Additionally, to the extent Plaintiff asserts that he is under imminent danger of serious physical injury because prison officials are generally not providing him with adequate medical care for his ongoing medical problems, such danger is not related to his current claims of improper conduct by the Defendants, nor does he allege that the Defendants are responsible for his medical care. Plaintiff's claims directly challenging the provision of adequate medical were settled in a prior action brought against prison medical providers. See VanDiver v. Corizon, et al., No. 20-10162 (E.D. Mich.) (Dkt. 1, PageID.14-31). Although that case is closed, the Court retained jurisdiction to enforce the terms of the settlement. Id. (Dkt. 25). Plaintiff thus has an avenue for relief should he believe that his prison medical care is inadequate to treat his conditions.

Lastly to the extent that Plaintiff is concerned about future problems such as pain or infection due to his inability to purchase over-the-counter items such as lotion, such circumstances do not rise to the level of imminent danger of serious physical injury so as to justify an exception to the three strikes rule. Such concerns are speculative at best and are generally not life-threatening, nor do they constitute severe bodily harm as envisioned by the Sixth Circuit. See Gresham, 938 F.3d at 850 (alleged injuries of chest pain, restlessness, seizures, vomiting, stomach cramps, and dizziness arising from medications were insufficient to meet the exception); cf. Vandiver, 727 F.3d at 587 (exception met where Plaintiff faced impending amputation, as well as

5

coma or death, due to the failure to provide medical treatment). Plaintiff fails to establish that he should be allowed to proceed without prepayment of the filing fee despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Accordingly, the Court denies Plaintiff's application for leave to proceed without prepayment of the filing fee for this action (Dkt. 1) and dismisses his civil rights complaint pursuant to 28 U.S.C. § 1915(g).

This dismissal is without prejudice to the filing of a new civil rights complaint with full payment of the $350.00 filing fee and the $55.00 administrative fee. Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed, in whole or in part, under 28 U.S.C. § 1915A(b), which requires a federal court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." Any such complaint must also comply with Federal Rule of Civil Procedure Rule 8(a), which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The case is closed.

SO ORDERED.

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States Distrtict Judge

Dated: December 9, 2024

6